**WINEBRAKE & SANTILLO, LLC**
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON CARPENTER, | CIVIL ACTION |
| Plaintiff, | No. _____ |
| v. | |
| | (Document Filed Electronically) |
| ALLPOINTS COURIER SERVICE, INC., | |
| Defendant. | |

## **COMPLAINT - CLASS/COLLECTIVE ACTION**

Plaintiff Jason Carpenter ("Plaintiff") brings this lawsuit against Defendant Allpoints Courier Service, Inc. ("Defendant"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56A, *et seq.* Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his NJWHL claim as a class action under Federal Rule of Civil Procedure 23.

### **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the FLSA claim under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the NJWHL claim pursuant to 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Cherry Hill, NJ (Camden County).

5. Plaintiff is an employee covered by the FLSA and the NJWHL.

6. Defendant is a corporate entity headquartered in Philadelphia, PA.

7. Defendant is an employer covered by the FLSA and the NJWHL.

## FACTS

8. Defendant contracts with Amazon.com to deliver products from Amazon.com's warehouses to the homes and businesses of Amazon.com's customers.

9. Plaintiff was employed by Defendant as a driver from approximately September 2016 until approximately October 2016.

10. Defendant paid Plaintiff an hourly wage of approximately $14.00.

11. Plaintiff regularly worked over 40 hours per week. For example, Plaintiff was credited with working 55.34 hours during the week ending October 8, 2016 and was credited with working 61.49 hours during the week ending October 22, 2016.

12. At the beginning of each shift, Defendant requires Plaintiff and other drivers to report to Defendant's Yard Facility located in Swedesboro, NJ ("the Yard"), where all delivery vehicles are stored and maintained.

13. Plaintiff and other drivers are not permitted to take Defendant's vehicles home.

14. Upon arrival at the Yard, Plaintiff and other drivers receive their vehicle assignment from Defendant, pick-up the vehicle keys, inspect the vehicle, and drive the vehicle from the Yard to an Amazon.com warehouse in Swedesboro, NJ ("the Amazon Warehouse"). These assignment, pick-up, and inspection activities are indispensible to the work of Plaintiff and other drivers. Indeed, it would be impossible for Plaintiff and other drivers to perform their

driving/delivery duties in the absence of these activities.

15. The driving distance between the Yard and the Amazon Warehouse is approximately 5.3 miles. Depending on traffic, the drive typically takes 15-25 minutes.

16. Upon arrival at the Amazon Warehouse, Plaintiff and other drivers clock-in to Defendant's payroll system and start getting paid.

17. During a typical day, approximately 25-30 minutes expire between the time Plaintiff and other drivers receive their vehicle assignment at the Yard and the time they clock-in to the payroll system at the Amazon Warehouse. Plaintiff and other drivers receive no compensation or payroll credit for this time.

18. At the end of each shift, Plaintiff and other Drivers return to the Amazon Warehouse, where they clock-out of Defendant's payroll system and stop getting paid.

19. After clocking-out, Plaintiff and other Drivers are required by Defendant to drive their vehicles from the Amazon Warehouse to the Yard, park the vehicle at the Yard, return the vehicle keys, and debrief Defendant's management regarding the day's activities. These driving, drop-off, and debriefing activities are indispensible to the work of Plaintiff and other drivers. Indeed, it would be impossible for Plaintiff and other drivers to perform their driving/delivery duties in the absence of such activities.

20. During a typical day, approximately 20-25 minutes expire between the time Plaintiff and other drivers clock-out of Defendant's payroll system at the Amazon Warehouse and the time they leave the Yard. Plaintiff and other drivers receive no compensation or payroll credit for this time.

21. In failing to compensate Plaintiff and other drivers for all hours worked, as described above, Defendant acted willfully and with reckless disregard of clearly applicable

FLSA and NJWHL provisions.

## COLLECTIVE AND CLASS ALLEGATIONS

22. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals, who, during any time within the past three years, have been employed by Defendant (or any affiliated business entity) as drivers assigned to Defendant's Yard in Swedesboro, NJ.

23. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

24. Plaintiff brings his NJWHL claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals, who, during any time within the past two years, have been employed by Defendant (or any affiliated business entity) as drivers assigned to Defendant's Yard in Swedesboro, NJ.

25. Class action treatment of Plaintiff's NJWHL claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

26. The class, upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

27. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

28. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

29. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common compensation practices, as described herein. The legality of these policies will be determined through the application of generally legal principles to common facts.

30. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging Violations of the FLSA)**

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA requires that employees receive overtime compensation calculated at 150% of their regular pay rate for hours worked over 40 per week.

33. Defendant violated the FLSA by failing to compensate Plaintiff and the FLSA collective for all hours worked over 40 per week.

34. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
**(Alleging Violations of the NJWHL)**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The NJWHL requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.

37. Defendant violated the NJWHL by failing to compensate Plaintiff and the Rule 23 class for all hours worked over 40 per week.

38. In violating the NJWHL, Defendant acted willfully and with reckless disregard of clearly applicable NJWHL provisions and, as such, willfully violated the NJWHL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Orders permitting this action to proceed as a collective and class action;

B. Unpaid wages (including overtime wages) and prejudgment interest;

C. Liquidated damages and penalties;

D. Litigation costs, expenses, and attorney's fees; and

E. Such other and further relief as the Court deems just and proper.

Date: March 28, 2017

Respectfully,

s/ Mark J. Gottesfeld
Peter Winebrake, Esq.*
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491

*Attorneys for Plaintiff*

*pro hac vice admission anticipated