# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "this Agreement") is made by and between ALLPOINTS COURIER SERVICES, INC., d/b/a Thruway Direct (referred to and as further defined in Paragraph 1(a), below, as "Defendant"), and Plaintiffs (further defined in Paragraph 1(b), below and collectively referred to as "Plaintiffs"), (together, "the Parties");

WHEREAS, Plaintiff Carpenter alleged certain claims against Defendant by filing a Complaint on March 28, 2017 and the other Plaintiffs have alleged the same or similar claims by filing 'Consent to Join Form(s)', in the United States District Court for the District of New Jersey in the action entitled, JASON CARPENTER v. ALLPOINTS COURIER SERVICE, INC., Case No. 17-CV-02043 (JBS)(AMD) (the "Action"), including, inter alia, claims under the Fair Labor Standards Act ("FLSA") and the New Jersey State Wage and Hour Law ("NJWHL");

WHEREAS, Defendant denies all such claims in all respects; and

WHEREAS, the Parties desire to resolve and settle the Action as well as any and all claims relating to Plaintiffs' employment relationship with Defendant in an amicable manner without the expense of further litigation;

NOW, THEREFORE, the Parties agree as follows:

1. <u>Definitions:</u> For purposes of this Agreement, the following definitions shall apply:

    a) The term "Defendant" is defined to include Allpoints Courier Service, Inc., its franchises, subsidiaries, parents, related or affiliated entities, current and former owners, directors, agents, officers, employees, representatives, and respective successors, heirs, and assigns.

b) The term "Plaintiffs" is defined to include Carey C. Abney, Marie Barthelus, Maurice Barton, Danaya Baxter, Amber Blanding, Rahmeik Bowman, Jaymes W. Brown, III, Jonathan Burak, Tommy Cagle, Sr., Jason Carpenter, Taquita Chase, Gregory Clay, Yvonne N. Daniels-Love, Brandon M. Draughn, Bashan Goodman, Thomas Grieb, Kim Hall, Tyrone Hiller, Brendan Hunsberger, Roman Isayev, Unique Jenkins, Jaconda Kearse, Matthew Kirk, Eric Laino, Kimberly Laino, Marc Miller, Naquwan Mills, Desmen M. Murphy, Shalenee Nunez, Joshua Ortiz, Sharonda Rivers, Shawn Robinson, Shelby Robinson, Daniel Roman, Mark Rossi, Richard Serpe, Jordan Shelton, Kevin Slaughter, Sharif Smith, Annalisa Spain, Ricardo Swaby, Gabriel Thomas, Howard Urena, Karen Washington, Angela Wimberly, Jared Wyatt, Tearah Yuille, and their respective successors, heirs, and assigns.

c) The term "Parties" refers to Plaintiffs and Defendant, as defined in subsections (a) and (b) above.

d) The term "Released Claims" is defined as all legal or equitable claims (including, but not limited to, claims for the reimbursement of attorney's fees and litigation costs) arising prior to November 6, 2016 and either asserted in or reasonably related to the Action, including all claims for unpaid regular or overtime wages or other forms of compensation under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law, any other state, federal or local legislation concerning wage and hour legislation, or any other common law theory relating to the payment of wages or employment compensation.

e) The Released Claims set forth above in Paragraphs (d) specifically include any and all claims, whether or not now known or suspected to exist, and whether or not specifically or particularly described in this Agreement for any act, omission, transaction or

2

occurrence in this Agreement taken place up to and including the date of November 5, 2016. The Plaintiffs expressly waive any right or claim of right to assert later that any Released Claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waive any right or claim of right they may have under the law of any jurisdiction that releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to and including the date of November 5, 2016. It is the express intent of the Parties for Plaintiffs to waive any and all Released Claims that they may have against Defendant, including any which are presently unknown, unsuspected, unanticipated or undisclosed, for any act, omission, transaction or occurrence which has taken place up to and including the date of November 5, 2016.

   f) It is understood by the Plaintiffs that the facts pursuant to which this Agreement is made may ultimately prove to be other than or different from the facts now known by them to be true. The Plaintiffs expressly accept and assume the risks of the facts proving to be different, and agree that all of the terms of this Agreement shall be in all respects effective and not subject to termination or rescission on account of any such difference in facts or for any other reason.

   g) Plaintiffs warrant and represent that no promise or inducement has been offered or made for this Agreement, except as otherwise specifically set forth in this Agreement. Plaintiffs acknowledge that this Agreement is executed without reliance on any statements or any representations, express or implied, not contained in the Agreement, and without express, implied or presumed reliance on any duty such as, but not limited to, a fiduciary duty to speak or inform another concerning any fact or circumstance, and that they have executed this Agreement

freely, without coercion or duress, and with the advice of their legal counsel, and that this Agreement reflects the entire understanding among the Parties. The warranties and representations made in this Agreement shall survive the execution and delivery of this Agreement, and shall be binding upon and inure to the benefit of and be enforceable by the Parties, their respective heirs, representatives, successors and assigns.

      h)    The term "Approval Date" means the date on which the Court enters an order approving the Settlement as fair, reasonable, and adequate under the Fair Labor Standards Act.

      2.    <u>Settlement of Claims:</u> In consideration for the promises and covenants set forth in this Agreement, Defendant shall pay or cause to be paid to Plaintiffs the gross sum of Forty Thousand and 00/100 Dollars ($40,000.00), inclusive of all attorneys' fees and costs (the "settlement sum"), in two (2) separate payments, as follows:

      a)    Defendant shall make payment in the form of separate checks made payable to each of the individual Plaintiffs, who has returned a fully executed Release Form, in accordance with the specific allocations as set forth in Exhibit 'A' attached hereto, representing wages. If a Plaintiff returns his/her Release Form by the Approval date, his/her check will be delivered to Winebrake & Santillo, LLC within two (2) weeks after the Approval Date. If a Plaintiff returns his/her Release Form after the Approval Date but on or before the date falling 90 calendar days the Approval Date, his/her check will be delivered to Winebrake & Santillo, LLC within two (2) weeks after the Release Form is delivered to Defendant's counsel. Any Plaintiff who fails to return a Release Form by the date falling 90 calendar days after the Approval Date forfeits his/her rights to any payment under the Settlement, and Defendant will contribute the associated funds to the IOLTA Fund of the Bar of New Jersey. No later than seven (7) days after

receiving the checks from Defendant, Plaintiffs' Counsel will send the individual settlement checks to Plaintiffs via first class mail. If the Postal Service returns any check with a forwarding address, Plaintiffs' Counsel will promptly re-mail the check to the forwarding address. If the Postal Service returns any check without a forwarding address, Plaintiffs' Counsel will make all good faith and reasonable efforts to obtain the Plaintiff's current mailing address and will promptly re-mail the check to any updated address.

      b)    Within sixty (60) days of the Approval Date, Defendant shall send Plaintiffs' counsel, Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025 ("Plaintiffs' counsel") one (1) check payable to "Winebrake & Santillo, LLC" in the amount of $13,000, representing attorneys' fees and costs. If the Court disapproves any portion of Plaintiffs' Counsel's requested fees or expenses, the disapproved monies will be used to enhance, on a *pro rata* basis, Plaintiffs' Payout Amounts listed in Exhibit A.

      c)    Defendant shall issue IRS forms 1099 and w-2 to Plaintiffs and/or Plaintiffs' counsel, as appropriate, for all payments made by Defendant as set forth in Paragraphs 2(a) and 2(b) above. Defendant shall issue these tax forms at the same time Defendant issues those forms to their current employees or other individuals/entities for the applicable tax year.

      d)    Plaintiffs understand and assume the responsibility to pay any and all taxes or other payments they owe from payments made pursuant to this Agreement.

    3.    <u>No Admission of Liability</u>: This Agreement does not constitute an admission by Defendant of any unlawful or tortious conduct or any violation of any contract or any federal, state or local decisional law, statute, regulation or constitution, nor does any statement made or action taken by or on behalf of Defendant constitute such an admission. This Agreement is not

evidence or proof of any wrongdoing or of an admission regarding any of Plaintiffs' allegations in this action, and it may not be used for or against any of the Parties hereto in any subsequent litigation, arbitration or other proceeding, except for the express and limited purpose of enforcing the terms of this Agreement.

4. <u>Releases</u>:

a) In consideration of the promises and covenants as set forth in this Agreement and as set forth in Paragraph 2 above, upon entry of Court approval of the Settlement and Defendant's fulfillment of its payment obligations under the Settlement, each Plaintiff (on behalf of himself/herself and his/her heirs, spouses, executors, assigns, and representatives) who has returned a fully executed Release Form, which is attached to this Agreement as Exhibit B, releases and forever discharges Defendant from all Released Claims as defined above in Paragraph (1)(d).

b) Within one (1) week of the Approval Date, Defendant shall submit the Stipulation of Dismissal with Prejudice, attached as Exhibit 'C' hereto, to conclude and dismiss the action, with prejudice as to all Plaintiffs. In addition, following the Approval Date, Plaintiffs' counsel shall execute all such other documents as are reasonably necessary to terminate this lawsuit and any other judicial, administrative or agency proceeding between the Parties, if any, to the extent that they concern Released Claims on behalf of Plaintiffs.

c) Plaintiffs accept the payments and any other consideration identified in this Agreement in full satisfaction of their Released Claims against Defendant, and acknowledge that these payments and consideration provides full and adequate relief for their Released Claims, including any right to back pay, front pay, minimum wage or overtime wages, lost benefits, attorneys' fees, costs or disbursements, liquidated damages or any other or further

6

amounts of damages they may have been entitled to pursuant to such Released Claims, and their employment by Defendant, through November 5, 2016.

       d)    Plaintiffs agree, to the extent permitted by law, that neither Plaintiffs nor anyone acting on their behalf will file any future charge or complaint nor institute any legal action or proceedings at law or in equity related to the Released Claims against Defendant with any federal, state, or local agency. In the event any charge or complaint is filed or any action related to the Released Claims is pursued by Plaintiffs or on Plaintiffs' behalf, Plaintiffs agree, to the extent permitted by law, not to assign any rights to bring such a charge or complaint to any person or entity. Nothing in this paragraph shall prohibit Plaintiffs from instituting an action to enforce the provisions of this Agreement.

       e)    Should Plaintiffs be subpoenaed or otherwise be required to appear in any action or to provide any evidence in a proceeding against Defendant concerning Released Claims, they shall notify Defendant, by providing a copy of the subpoena or other document served on them as set forth in the notice provisions of Paragraph 7 herein. Such notice must be sent within five (5) days of receipt of such subpoena or other document, unless the subpoena or other document requires compliance in less than five (5) days in which case Plaintiffs shall notify Defendant by facsimile and/or e-mail within one (1) day of receipt. The Notice procedure set forth in this paragraph shall not apply to situations in which Plaintiffs are contacted by the United States Securities and Exchange Commission.

       5.    <u>Breach of this Agreement</u>:  If Plaintiffs should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any claim or allegation, or pursue or commence or threaten to commence any claim, action, complaint or proceeding against Defendant concerning a Released Claim, this Agreement may be raised as and shall constitute a

complete bar to any such claim, allegation, action, complaint or proceeding. In the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of the Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. Nothing in this Agreement shall limit the Parties from enforcing their rights under the Agreement.

6. <u>Entire Agreement:</u> This Agreement embodies the entire agreement and understanding of the Parties regarding the matters discussed herein, and may not be modified, nor may any of its provisions be waived, except by an express written Agreement signed by the Parties hereto and evidencing an intent to modify this Agreement. The failure of either party to this Agreement to insist in any one or more instances upon the strict performance of any of the terms or provisions of this Agreement shall not be construed as a waiver or relinquishment for the future enforcement of any such term or provision.

7. <u>Jurisdiction:</u> The substantive laws of the State of New Jersey shall govern the validity, construction, enforcement and interpretation of this Agreement and exclusive venue for any dispute between the parties shall be the United States District Court for the District of New Jersey. The Dismissal provides that the District Court shall retain jurisdiction over the action for the purposes of enforcing the terms of this Agreement.

8. <u>Binding Effect/Severability:</u> Except as otherwise provided, this Agreement shall inure to the benefit of and shall be binding upon the Parties hereto, their personal representatives, successors, heirs, and assigns. If any provision or part of a provision of the Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remainder of the Agreement shall not be affected thereby, and each remaining provision or part of the Agreement

shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

9. Captions/Delay: The captions and headings in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the Agreement. No failure or delay by Plaintiffs or Defendant in exercising any right, power, or privilege under the Agreement shall operate as an election nor a waiver of such right, power or privilege, nor shall any single or partial exercise of such right, power and privilege preclude any subsequent exercise in law, in equity or otherwise.

10. Counterparts: This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and both of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be accepted in any action against that party to enforce this Agreement.

11. Representations by Plaintiffs: Plaintiffs hereby represent and acknowledge that: (a) they have carefully read the Agreement and understands its terms; (b) they have had ample time to consider this Agreement prior to signing it; (c) they have been advised to and have consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) they know that they are giving up important rights; and (f) they are signing this Agreement voluntarily and of their own free will.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING IT, I AM GIVING UP IMPORTANT RIGHTS. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH COUNSEL OF MY CHOOSING AND HAVE DONE SO TO THE EXTENT I DESIRED. I AM SIGNING THIS AGREEMENT VOLUNTARILY AND OF MY OWN FREE WILL.**

DocuSigned by:

_____
AA71FECDE1EA46A...

Jason Carpenter

Date: 7/12/2018 1:43:38 PM PDT
_____

On behalf of Allpoints Courier Service, Inc.

_____
Kevin Meyer

Date: _____

**\*\*\*\*\*THIS SECTION HAS BEEN LEFT INTENTIONALLY BLANK\*\*\*\*\***

10

I HAVE READ AND UNDERSTAND THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING IT, I AM GIVING UP IMPORTANT RIGHTS. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH COUNSEL OF MY CHOOSING AND HAVE DONE SO TO THE EXTENT I DESIRED. I AM SIGNING THIS AGREEMENT VOLUNTARILY AND OF MY OWN FREE WILL.

_____
Jason Carpenter

Date: _____

On behalf of Allpoints Courier Service, Inc.

_____
Kevin Meyer

Date: 7/17/18

*****THIS SECTION HAS BEEN LEFT INTENTIONALLY BLANK*****

10

# EXHIBIT A

# EXHIBIT A

| Name (Last, First) | Individual Settlement Amount |
|---|---|
| Abney, Carey C. | $273.56 |
| Barthelus, Marie | $167.49 |
| Barton, Maurice | $2,522.83 |
| Baxter, Danaya | $303.01 |
| Blanding, Amber | $238.72 |
| Bowman, Rahmeik | $100.00 |
| Brown, III, Jaymes W. | $100.00 |
| Burak, Jonathan | $850.54 |
| Cagle, Sr., Tommy | $242.30 |
| Carpenter, Jason | $1,726.86 |
| Chase, Taquita | $843.20 |
| Clay, Gregory | $975.63 |
| Daniels-Love, Yvonne N. | $100.00 |
| Draughn, Brandon M. | $100.00 |
| Goodman, Bashan | $492.83 |
| Grieb, Thomas | $714.73 |
| Hall, Kim | $191.48 |
| Hiller, Tyrone | $202.46 |
| Hunsberger, Brendan | $100.00 |
| Isayev, Roman | $475.71 |
| Jenkins, Unique | $239.62 |
| Kearse, Jaconda | $963.76 |
| Kirk, Matthew | $233.90 |
| Laino, Eric | $2,184.57 |
| Laino, Kimberly | $200.08 |
| Miller, Marc | $623.09 |
| Mills, Naquwan | $171.60 |
| Murphy, Desmen M. | $588.14 |
| Nunez, Shalenee | $100.00 |
| Ortiz, Joshua | $2,000.26 |
| Rivers, Sharonda | $1,157.19 |
| Robinson, Shawn | $291.56 |
| Robinson, Shelby | $423.43 |
| Roman, Daniel | $1,005.36 |
| Rossi, Mark | $100.00 |
| Serpe, Richard | $100.00 |
| Shelton, Jordan | $100.00 |
| Slaughter, Kevin | $1,975.77 |
| Smith, Sharif | $100.00 |
| Spain, Annalisa | $1,191.78 |
| Swaby, Ricardo | $393.19 |
| Thomas, Gabriel | $100.00 |
| Urena, Howard | $100.00 |
| Washington, Karen | $1,433.34 |
| Wimberly, Angela | $171.56 |
| Wyatt, Jared | $230.46 |
| Yuille, Tearah | $100.00 |
| **TOTAL** | **$27,000.00** |

# EXHIBIT B

# **RELEASE OF CLAIMS**

Name: _____

Street/Apartment: _____

City: _____ State: ____ Zip: _____

    I understand that I am a party plaintiff to the United States District Court lawsuit entitled *Jason Carpenter v. Allpoints Courier Service, Inc.*, Case No. 17-cv-02043 (JBS) (AMD) (hereafter "the Action"). I also understand that the Action has been settled and that, if the Judge approves the settlement, I am entitled to a settlement payment of **$\*\*\*, less applicable taxes and withholdings**. I want to receive this settlement payment.

    I understand and agree that, in exchange for my settlement payment, I (on behalf of myself and my heirs, spouse, executors, assigns, and representatives) **RELEASE** Allpoints Courier Service, Inc., (as well as any of the their parents, franchisors, partners, subsidiaries, owners, officers, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on their behalf) (the "Released Parties") from all legal or equitable claims (including, but not limited to, claims for the reimbursement of attorney's fees and litigation costs and expenses) that (i) arise prior November 6, 2016 and (ii) were either asserted in or reasonably related to the Action, including all claims for unpaid regular or overtime wages under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law, any other state, federal or local legislation concerning wage and hour legislation, or any other common law theory relating to the payment of wages of or employment compensation.

    I understand and agree that I will be issued an IRS W-2 Form reflecting this settlement payment, that the payment represents taxable income, that I am personally and exclusively responsible for paying any taxes associated with the payment, and that I agree to indemnify and hold the Released Parties harmless for any claims or demands for taxes due on the settlement payment.

_____    _____
Date                                                        Signature

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON CARPENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLPOINTS COURIER SERVICE, INC., <br><br> Defendant. | : 1:17-cv-02043-JBS-AMD |

IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE UNDERSIGNED COUNSEL, THAT THE ABOVE-ENTITLED ACTION, AND ALL CLAIMS ASSERTED THEREIN, BE DISMISSED WITH PREJUDICE. THE COURT WILL RETAIN JURISDICTION OF THIS MATTER FOR THE SOLE PURPOSE OF ENFORCING THE SETTLEMENT AGREEMENT.

DATED: _____

WINEBRAKE & SANTILLO, LLC
ATTORNEYS FOR PLAINTIFFS
TWINING OFFICE CENTER, SUITE 211
715 TWINING ROAD
DRESHER, PA 10925

BY:_____
 MARK J. GOTTESFELD, ESQ.
 MGOTTESFELD@WINEBRAKELAW.COM

DATED: _____

GREENWALD DOHERTY
ATTORNEYS FOR DEFENDANT
30 RAMLAND ROAD, SUITE 201
ORANGEBURG, NY 10962

BY:_____
 KEVIN M. DOHERTY, ESQ.
 KD@GREENWALDLLP.COM

SO ORDERED.
HON. ANN MARIE DONIO, U.S.M.J.

2