IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON CARPENTER, *et al.*, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 17-2043 (JBS-AMD) |
| v. | |
| ALLPOINTS COURIER SERVICE, INC., | **ORDER** |
| Defendant. | |

This matter came before the Court upon the Consent Motion for Approval of Settlement on behalf of plaintiff and an opt-in class under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. [Docket Item 52]. The Court has reviewed the motion, the Supplement thereto [Docket Item 53], and the Second Supplement thereto [Docket Item 54], and all attachments, and there is no opposition by Defendant or by any member of the Class; and

The Court finds that the proposed Settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA rights of these class members and their employer, applying the factors in Girsh v. New America Fund, Inc., 521 F.2d 153, 157 (3d Cir. 1975) to the present case. This settlement reflects a reasonable compromise of disputed issues; it is fair and reasonable to the employees (evidenced not only by the factors

internal to the negotiated agreement but also by the joinder of almost all affected employees in supporting the settlement); finally, the settlement furthers the purposes of FLSA, containing a limited release and no confidentiality agreement while fostering the public interest in vindicating wage and hour rights of workers.  The total gross settlement fund of $40,000.00 is fair and adequate, and the FLSA Collective is approved.

   The Court also finds that the payment of attorney's fees and expenses to Plaintiffs' counsel is also approved, to be paid out of the gross settlement.  The Court finds that Winebrake & Santillo, LLC expended $1,048.59 in expenses, (see Gottesfeld Decl.), and that a fee recovery based on a fraction of the net fund after expenses, yielding attorney's fees in the amount of $11,951.41, is reasonable.  This fee award constitutes 29.88% of the $40,000.00 common settlement fund, or 30.68% of the net fund after expenses.  Applying the factors of Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 193 n.1 (3d Cir. 2000) to the circumstances of the present case, such percentages are reasonable weighing: the skill and efficiency of the attorneys; the time devoted to the case (94.6 hours at a blended hourly rate of $126.34); the results obtained; and awards in similar FLSA cases, generally approximately one-third of the settlement fund, (see Docket Item 52-1 at 15 and cases cited therein).

Therefore, based upon the Court's consideration of Plaintiffs' "Unopposed Motion for Approval of the Fair Labor Standards Act Settlement" [Docket Item 52], the accompanying Collective Action Settlement Agreement, declaration, and brief, and all papers and proceedings herein;

IT IS this __10th__ day of **September**, **2018,**

hereby **ORDERED** that:

1. The settlement is **APPROVED** as a fair and reasonable resolution of a <u>bona fide</u> dispute under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

2. The Court **APPROVES** final certification of this FLSA Collective; and

3. This action is dismissed **WITH PREJUDICE AS SETTLED**, although this Court shall retain jurisdiction over this action for purposes of overseeing and/or resolving any disputes arising from the implementation or administration of the settlement terms.

        **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        U.S. District Judge